## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **JEANA KUCZMANSKI,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:23-cv-00879-JNP-JCB** |
| | |
| **DIANA OBRAY; DEBORAH WOOD; PATRICIA HARTZELL; and JUDGE ELIZABETH KNIGHT,** | **District Judge Jill N. Parrish** |
| | **Magistrate Judge Jared C. Bennett** |
| **Defendants.** | |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Defendants Diana Obray ("Ms. Obray"), Deborah Wood ("Ms. Wood"), Patricia Hartzell ("Ms. Hartzell"), and Judge Elizabeth Knight's ("Judge Knight") (collectively, "Defendants") motion to dismiss[2] and pro se Plaintiff Jeana Kuczmanski's ("Ms. Kuczmanski") motion for leave to file an amended complaint.[3] The court has carefully reviewed the parties' written memoranda. Under DUCivR 7-1(g), the court concludes that oral argument is not necessary and, therefore, decides the motions on the written memoranda. Based upon the analysis set forth below, the court recommends granting Defendants' motion to dismiss and denying Ms. Kuczmanski's motion to amend.

---

[1] ECF No. 17.

[2] ECF No. 19.

[3] ECF No. 27.

## BACKGROUND

Ms. Kuczmanski requests that this court vacate a two-year-old decision by the Third District Juvenile Court in Summit County, Utah, to award permanent custody and guardianship of her child to the child's paternal grandparents.[4] Ms. Kuczmanski alleges that this judgment "was procured by way of fraud upon the court" and thus seeks relief under Fed. R. Civ. P. 60(b)(3) and 60(b)(4).[5] Ms. Kuczmanski claims that the "suppression of evidence undermined the judicial process and directly violated [her] constitutional rights,"[6] including her rights under the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments.[7] Additionally, Ms. Kuczmanski alleges that "Summit County has an unspoken but official systemic policy of violating the False Claims Act."[8] Ms. Kuczmanski also argues that the court "lacked personal jurisdiction over a non-abused, non-neglected, and non-endangered child."[9]

Ms. Kuczmanski names as Defendants Ms. Obray, attorney and guardian ad litem for Summit County, Utah; Ms. Wood, Assistant Utah Attorney General; Ms. Hartzell, Social Worker for the Utah Division of Child and Family Services; and Judge Knight, Utah Juvenile Court Judge.[10] Ms. Kuczmanski seeks $21,024,000.00 in damages from Defendants.[11] Defendants filed

---

[4] ECF No. 2.

[5] *Id.* at 1.

[6] *Id.* at 7.

[7] *Id.* at 3, 18.

[8] *Id.* at 13.

[9] *Id.* at 2.

[10] *Id.*

[11] ECF No. 2 at 22.

a motion to dismiss all of Ms. Kuczmanski's claims.[12] Ms. Kuczmanski opposed the motion to

dismiss[13] and also filed a one-page motion for leave to file an amended complaint[14] that fails to

comply with local rule DUCivR 15-1.[15] The court first addresses and grants Defendants' motion

to dismiss and then addresses and denies Ms. Kuczmanski's motion to amend her complaint.

LEGAL STANDARDS

### I.   Fed. R. Civ. P. 12(b)(1) Motion to Dismiss

Federal courts are courts of limited subject-matter jurisdiction.[16] The party invoking

federal jurisdiction bears the burden of establishing such jurisdiction.[17] To do so, that party

"must allege in [her] pleading the facts essential to show jurisdiction and must support [those

facts] by competent proof."[18] "When a federal court concludes that it lacks jurisdiction over the

subject matter, the court must dismiss the action.[19]

### II.   Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

In contrast to motions to dismiss under Rule 12(b)(1), a motion to dismiss under Rule

12(b)(6) tests the legal sufficiency of the complaint. To survive a motion to dismiss under Rule

12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

---

[12] ECF No. 19.

[13] ECF No. 21.

[14] ECF No. 27.

[15] DUCivR 15-1(a)(1).

[16] *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015).

[17] *Radil v. Sandborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

[18] *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 551 (10th Cir. 1992) (second alteration in original) (quotations and citations omitted).

[19] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

for relief that is plausible on its face.'"[20] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21] Courts "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff."[22] But courts should not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."[23] After disregarding such statements, courts "look to the remaining factual allegations to see whether [the plaintiff] ha[s] stated a plausible claim."[24]

This court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[25] However, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[26] The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[27]

---

[20] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[21] *Id.*

[22] *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023) (quotations and citation omitted).

[23] *Iqbal*, 556 U.S. at 678.

[24] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021).

[25] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[26] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quotations and citation omitted).

[27] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quotations and citation omitted).

### III.   Fed. R. Civ. P. 15 **Motion to Amend**

Rule 15(a) provides for liberal amendment of the pleadings. Rule 15 instructs that "court[s] should freely give leave" to amend "when justice so requires."[28] Under Rule 15, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[29] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[30]

**ANALYSIS**

The court's analysis is provided in two parts. In part (I), the court recommends dismissal of this case for the following reasons: (A) the court lacks jurisdiction over this entire action under the *Rooker-Feldman* doctrine; (B) Ms. Kuczmanski fails to state a claim for relief under 42 U.S.C. § 1983; (C) Ms. Kuczmanski fails to state a claim for relief under 42 U.S.C. §§ 1985 and 1986; and (D) Ms. Kuczmanski may not bring a claim under the False Claims Act as a pro se Plaintiff. Therefore, the court recommends granting Defendants' motion to dismiss and dismissing this action with prejudice.

In part (II), the court recommends denying Ms. Kuczmanski's motion for leave to amend her complaint because Ms. Kuczmanski's motion fails to comply with DUCivR 15-1(a) and, even if compliant, allowing Ms. Kuczmanski to amend her complaint would be futile. Both motions are addressed in order below.

---

[28] Fed. R. Civ. P. 15(a)(2).

[29] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and citation omitted).

[30] *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (quotations and citation omitted).

I.    **The Court Recommends Granting Defendants' Motion to Dismiss.**

A.    <u>The Court Lacks Subject-Matter Jurisdiction to Vacate the State Court Child Custody Order Under the Rooker-Feldman Doctrine.</u>

The *Rooker-Feldman* doctrine deprives this court of jurisdiction to grant Ms. Kuczmanski the relief she seeks. "The *Rooker-Feldman* doctrine prevents . . . federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'"[31] "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition."[32] Ms. Kuczmanski seeks to vacate a two-year-old state court child custody order—essentially asking this court to reconsider a matter decided by the state juvenile court. Moreover, Ms. Kuczmanski's constitutional claims challenge the adverse rulings issued in her child custody case and, thus, are inextricably intertwined with the state juvenile court's decision.[33] The *Rooker-Feldman* doctrine bars this court from serving as an appellate court over the state court's custody order. Therefore, the court lacks subject-matter jurisdiction over Ms. Kuczmanski's claims.

B.    <u>Ms. Kuczmanski Fails to State a Claim for Relief Under § 1983.</u>

As addressed below, Ms. Kuczmanski fails to state a claim under 42 U.S.C. 1983. "[T]o state a § 1983 claim, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

---

[31] *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[32] *Nudell*, 363 F.3d at 1075.

[33] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983).

person acting under color of state law."[34] Ms. Kuczmanski's section 1983 claims fail because: (1) Ms. Kuczmanski's claims cannot overcome Judge Knight, Ms. Obray, and Ms. Wood's assertions of absolute judicial immunity or quasi-judicial immunity and, (2) even if absolute immunity does not apply, Defendants are entitled to qualified immunity.

1. <u>Judge Knight, Ms. Obray, and Ms. Wood are Entitled to Absolute Judicial or Quasi-Judicial Immunity.</u>

Even if this court had subject-matter jurisdiction over this action, Ms. Kuczmanski's claims cannot overcome Judge Knight, Ms. Obray, and Ms. Wood's assertions of absolute immunity. As discussed below, (a) Judge Knight is entitled to absolute judicial immunity; (b) Ms. Obray is entitled to quasi-judicial immunity; and (c) Ms. Wood is entitled to quasi-judicial immunity. Therefore, all claims against them should be dismissed with prejudice.

*a. Judge Knight is Entitled to Absolute Judicial Immunity.*

Judge Knight is entitled to absolute judicial immunity. "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority."[35] This immunity ensures "that a judicial officer, in exercising the authority vested in [her], shall be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]."[36] "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."[37]

---

[34] *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007) (quotations and citation omitted).

[35] *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990); *see also Mireles v. Waco*, 502 U.S. 9, 9-13 (1991) (per curiam).

[36] *Mireles*, 502 U.S. at 10 (quotations and citation omitted).

[37] *Id.* at 11.

7

"Only accusations that a judge was not acting in [her] judicial capacity or that [she] acted in the complete absence of all jurisdiction can overcome absolute immunity."[38] Thus, to overcome a judicial immunity defense, Ms. Kuczmanski must demonstrate that either: (1) Judge Knight's actions exceeded her role as judge, or (2) Judge Knight's actions were taken with complete absence of jurisdiction.

As to the first issue, Ms. Kuczmanski challenges Judge Knight's decisions made during the child custody proceedings and ultimately Judge Knight's decision to award custody and guardianship of Ms. Kuczmanski's child to the child's parenteral grandparents.[39] These actions were clearly within the scope of Judge Knight's role as the judge presiding over the child custody matter and are therefore within the bounds of judicial immunity.

As to the second issue, juvenile courts have original jurisdiction over any proceeding concerning "a child who is an abused child, neglected child, or dependent child."[40] Thus, where a court has adjudicated a mother as neglecting the child, the court has authority to enter a custodial order regarding the child. Ms. Kuczmanski argues that Judge Knight lacked jurisdiction because the court's adjudication of neglect was erroneous.[41] However, even if Ms. Kuczmanski disagrees with the court's decision, there can be no question that a juvenile court judge has jurisdiction over such a child custody dispute.[42] Because Judge Knight acted within her role as judge and

---

[38] *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006); *see also Mireles*, 502 U.S. at 11-12.

[39] ECF No. 2 at 9.

[40] Utah Code. Ann. § 78A-6-103(2)(a)(i).

[41] ECF No. 2 at 2.

[42] In contrast, an example of an action taken in the clear absence of jurisdiction is "'[i]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case.'" *Stein v.*

clearly had jurisdiction over the child custody matter, neither exception to judicial immunity applies in this case. Thus, the claims against Judge Knight should be dismissed with prejudice.

### b. Ms. Obray is Entitled to Quasi-Judicial Immunity.

Ms. Obray is entitled to quasi-judicial immunity for all actions taken in her role as guardian ad litem. "The absolute immunity available to judges has been extended, under the rubric of quasi-judicial immunity, to other officials who perform functions closely associated with the judicial process."[43] Specific protection is given to guardians ad litem when they take actions "in which the guardian acts as an actual functionary or arm of the court," such as when they are testifying in court, prosecuting custody or neglect petitions, and submitting reports and recommendations to the court.[44] Ms. Kuczmanski's claims against Ms. Obray[45] directly relate to Ms. Obray submitting reports to the court regarding Ms. Kuczmanski's psychological evaluation, which is an action covered by quasi-judicial immunity.[46] Accordingly, the claims against Ms. Obray should be dismissed with prejudice.

### c. Ms. Wood is Entitled to Quasi-Judicial Immunity.

Likewise, Ms. Wood is entitled to quasi-judicial immunity. Courts have found that state attorneys acting "in [a] role as an advocate for the state's interest in [a] custody dispute" fall

---

*Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F. 3d 1183, 1195 (10th Cir. 2008) (quoting *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978)) (alteration in original).

[43] *Fuller v. Davis*, 594 F. App'x 935, 939 (10th Cir. 2014).

[44] *Dahl v. Charles F. Dahl, M.D., P.C. Defined Benefit Pension Tr.*, 744 F.3d 623, 630 (10th Cir. 2014) (quotations and citation omitted).

[45] ECF No. 2 at 7-9.

[46] *Dahl*, 744 F.3d at 630.

within the scope of absolute immunity.[47] However, a state attorney is not immune for actions

"primarily investigative or administrative in nature," unless the actions are "necessary so that a

prosecutor may fulfill [her] function as an officer of the court."[48] Ms. Kuczmanski's claims

against Ms. Wood appear to relate to Ms. Wood's opposition to the admission of Ms.

Kuczmanski's psychological evaluation and her submission of other evidence to the court, such

as statements from Ms. Kuczmanski's mother-in-law made to a doctor that were incorporated in

Ms. Kuczmanski's child's medical records.[49] Both of these actions fall within Ms. Wood's role as

an advocate for the state's interest in the child custody matter. These actions were not primarily

investigative or administrative in nature. Therefore, all claims against Ms. Wood should be

dismissed with prejudice.

>    2.   Defendants are Entitled to Qualified Immunity.

Even if absolute immunity does not apply to Ms. Kuczmanski's § 1983 claims, all

Defendants are entitled to qualified immunity. Qualified immunity shields government officials

who perform discretionary functions from suit so long as "their conduct does not violate clearly

established statutory or constitutional rights of which a reasonable person would have known."[50]

When government officials assert qualified immunity, they create a rebuttable presumption that

they are immune from suit.[51] To overcome a qualified immunity defense, Mr. Kuczmanski bears

the burden to demonstrate on the facts alleged: "'(1) that the official violated a statutory or

---

[47] *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1195 (10th Cir. 2010).

[48] *Id.* (quotations and citations omitted).

[49] ECF No. 2 at 8.

[50] *Gomes v. Wood*, 451 F.3d 1122, 1134 (10th Cir. 2006) (quotations and citation omitted).

[51] *Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir. 2001).

constitutional right, *and* (2) that the right was 'clearly established' at the time of the challenged conduct.'"[52] Ms. Kuczmanski cannot meet her burden because she fails to adequately plead any constitutional violation and, therefore, the court need not discuss whether any purported violation was clearly established. As discussed below, Ms. Kuczmanski fails to overcome Defendants' assertion of qualified immunity—and, therefore, fails to state a claim for relief—because she cannot show a violation of (a) the First Amendment; (b) the Fourteenth Amendment; or (c) the Fourth, Eighth, and Ninth Amendments. The court addresses each claim in turn.

### a.   *Ms. Kuczmanski Fails to State a First Amendment Claim.*

Ms. Kuczmanski fails to plead a plausible claim for relief under the First Amendment. The First Amendment states that "Congress shall make no law . . . abridging the freedom of speech."[53] Ms. Kuczmanski alleges that her right to free speech was violated when Judge Knight did not allow her to openly object or present evidence in court.[54] However, free speech rights may be limited in judicial proceedings to protect the judicial process from disruption and indignant behaviors, so long as Judge Knight did not inhibit Ms. Kuczmanski's speech merely with the intention to oppose her views.[55] Because Judge Knight had discretion to maintain order in her courtroom, and it does not appear that she told Ms. Kuczmanski not to speak merely to oppose Ms. Kuczmanski's views, Ms. Kuczmanski's free speech rights were not violated.

---

[52] *Quinn v. Young*, 780 F.3d 998, 1004 (10th Cir. 2015) (emphasis in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)) (recognizing the court may decide "'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case'" (quoting *Pearson v. Callahan*, 555 U.S. 223, 236 (2009))).

[53] U.S. Const. amend. I.

[54] ECF No. 2 at 9.

[55] *See, e.g.*, *Verlo v. Martinez*, 820 F.3d 1113, 1129 (10th Cir. 2016).

Ms. Kuczmanski also alleges that court-ordered supervised visitations with her child unduly restrict her free speech rights.[56] However, these orders do not specifically order any restrictions on Ms. Kuczmanski's speech, only that the visits be monitored by a third party. Therefore, the supervised visitation order also does not violate Ms. Kuczmanski's First Amendment rights.

### b.  Ms. Kuczmanski Fails to State a Fourteenth Amendment Claim.

Ms. Kuczmanski alleges that Defendants violated her Fourteenth Amendment rights. However, as demonstrated below, Ms. Kuczmanski fails to state a plausible claim for relief under either (1) the Fourteenth Amendment's Due Process Clause or (2) the Fourteenth Amendment's Equal Protection Clause.

  1. <u>Ms. Kuczmanski Fails to State a Plausible Claim for Relief Under the Due Process Clause.</u>

Ms. Kuczmanski fails to state a plausible claim for relief under the Fourteenth Amendment's Due Process Clause. The Due Process Clause protects citizens from being deprived of their "life, liberty, or property, without due process of law."[57] Procedural due process mandates the procedures that the government must follow before it deprives an individual of certain liberty or property interests.[58] The Tenth Circuit prescribes a two-step inquiry in determining whether an individual's procedural due process rights were violated: (1) "Did the individual possess a protected property [or liberty] interest to which due process was

---

[56] ECF No. 2 at 7, 18.

[57] U.S. Const. amend. XIV.

[58] *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

applicable?"; and (2) "Was the individual afforded an appropriate level of process?"[59] Ordinarily, an individual who has a protected property or liberty interest is entitled to some sort of hearing before the government acts to impair that interest.[60]

As for the first step, as a parent, Ms. Kuczmanski possesses a fundamental liberty interest in the "care, custody, and management" of her child.[61] This is not an unlimited liberty interest, because it is constrained by the state's interest in the health and welfare of children.[62] As to the second step, removal of a child from parents' custody requires a predeprivation hearing "except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event."[63] Thus, in order to state a violation of her procedural due process rights, Ms. Kuczmanski must show that she did not receive predeprivation notice and a hearing prior to losing custody of her child.

Instead, Ms. Kuczmanski claims that her procedural due process rights were violated when Judge Knight chose to "suppress" Ms. Kuczmanski's psychological evaluation and when Ms. Hartzell allegedly falsified family and team meeting notes.[64] According to Ms. Kuczmanski, these actions deprived her of a fair court process. However, Ms. Kuczmanski does not allege that she was denied a hearing. Instead, at the hearing, Ms. Kuczmanski had the opportunity to

---

[59] *Camuglia v. The City of Albuquerque*, 448 F.3d 1214, 1219 (10th Cir. 2006) (quotations and citations omitted).

[60] *See, e.g.*, *Mathews*, 424 U.S. at 335.

[61] *Hollingsworth v. Hill*, 110 F.3d 733, 738 (10th Cir. 1997) (quotations and citations omitted).

[62] *Id.* at 739.

[63] *Spielman v. Hildebrand*, 873 F.2d 1377, 1385 (10th Cir. 1989) (internal quotation marks omitted)).

[64] ECF No. 2 at 7-9.

challenge the allegedly falsified or "suppressed" evidence. Moreover, Ms. Kuczmanski fails to

assert that she was precluded from filing an appeal of Judge Knight's rulings, which means that

Ms. Kuczmanski also failed to avail herself of further available procedural rights. She cannot

claim a lack of process when she fails to use the processes available. Therefore, Ms. Kuczmanski

fails to state a violation of her due process rights.

> 2. <u>Ms. Kuczmanski Fails to State a Plausible Claim for Relief Under the Equal
> Protection Clause.</u>

Ms. Kuczmanski also fails to state an Equal Protection claim because she fails to

establish a plausible claim that her parental rights were limited by the juvenile court because of

her sex. The Equal Protection Clause aims to protect individuals from gender-based

discrimination.[65] Additionally, the Utah Supreme Court disavows a gender-based preference in

child custody cases.[66] Ms. Kuczmanski's complaint is entirely devoid of facts alleging that she

was discriminated against due to her sex. Accordingly, she fails to show that the rights given to

her through the Equal Protection Clause were violated. Thus, Ms. Kuczmanski's claims under the

Fourteenth Amendment should be dismissed.

> c. ***Ms. Kuczmanski's Claims Under the Fourth, Fifth, Eighth, and Ninth
> Amendments Fail as a Matter of Law.***

Ms. Kuczmanski's claims under the Fourth, Fifth, Eighth, and Ninth Amendments fail as

a matter of law. The court briefly discusses each claim in turn.

---

[65] U.S. Const. amend. XIV; *see also, e.g.*, *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 798-99 (10th Cir. 2019).

[66] *Pusey v. Pusey,* 728 P.2d 117, 119 (Utah 1986).

First, Ms. Kuczmanski's Fourth Amendment claim fails because she makes no mention of any search or seizure, but rather, argues that "suppression" of evidence occurred at the child custody hearing.[67] The Fourth Amendment protects against unreasonable searches and seizures.[68] The Fourth Amendment does not protect against the suppression of evidence, but rather, offers evidence suppression as a remedy to illegal searches and seizures. Thus, Ms. Kuczmanski's Fourth Amendment claim fails.

Second, Ms. Kuczmanski's Fifth Amendment claim fails because her allegations do not involve any actions taken by the federal government.[69] Defendants acted under their authority within the scope of the state judicial system and, therefore, are not affiliated with the federal government. Thus, Ms. Kuczmanski's Fifth Amendment claim fails.

Third, Ms. Kuczmanski's Eighth Amendment claim fails because the Eighth Amendment protects against excessive bail or fines and against cruel and unusual punishment.[70] "The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes" and, thus, "the Clause applies only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."[71] Ms. Kuczmanski's allegations arise solely

---

[67] ECF No. 2 at 7-10.

[68] U.S. Const. amend. IV.

[69] *Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("[T]he Fifth Amendment protects against actions by the federal government."); *see also Koessel v. Sublette Cnty. Sheriff's Dep't*, 717 F.3d 736, 748 n.2 (10th Cir. 2013) ("The Due Process Clause of the Fifth Amendment applies only to action by the federal government . . . .").

[70] U.S. Const. amend. VIII.

[71] *Whitley v. Albers*, 475 U.S. 312, 318 (1986) (quotations and citations omitted); *see also Colbruno v. Kessler*, 928 F.3d 1155, 1162 (10th Cir. 2019) (providing that the Eighth Amendment "applies to those who have been convicted of crime.").

from events that occurred during the child custody proceedings. There are no facts alleged that Ms. Kuczmanski has been convicted of a crime or that Defendants were involved in any alleged misconduct that occurred after Ms. Kuczmanski was convicted of a crime. Thus, Ms. Kuczmanski's Eighth Amendment claim fails.

Finally, Ms. Kuczmanski's Ninth Amendment claim must also fail because the Ninth Amendment "has [never] been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation."[72] Therefore, Ms. Kuczmanski cannot bring any viable claims under the Ninth Amendment. Consequently, Ms. Kuczmanski has failed to show that her complaint plausibly pleads a constitutional violation of any sort, which means she cannot overcome the assertion of qualified immunity and requires dismissal of her section 1983 claims under Fed. R. Civ. P. 12(b)(6).

   C.   Ms. Kuczmanski Fails to State a Claim for Relief Under Sections 1985 or 1986.

Ms. Kuczmanski's claims under 42 U.S.C. §§ 1985 and 1986 also fail for want of factual allegations. 42 U.S.C. § 1985 is an anti-conspiracy statute with three subsections. Subsection 1 prohibits conspiracies to prevent government officers from performing their duties. Subsection 2 concerns conspiracies to obstruct justice or intimidate parties to a legal proceeding. Section 3 provides a cause of action against both public and private defendants who conspire to deprive any person of equal protection or equal privileges and immunities under the law or who conspire to prevent a state from providing such equal protection.[73]

---

[72] *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991).

[73] 42 U.S.C. § 1985.

Ms. Kuczmanski has not alleged any facts to support a claim of conspiracy under any

subsection.[74] Moreover, the court cannot tell, despite liberally reading the complaint, whether

Ms. Kuczmanski is pleading a claim based on subsections 1, 2, or 3 of section 1985.

Accordingly, Ms. Kuczmanski has failed to state a claim under section 1985. Additionally,

section 1986 claims are contingent upon an affirmative finding of a section 1985 conspiracy

claim.[75] Given that the complaint fails to plead a section 1985 conspiracy, there can be no section

1986 claim. Therefore, Ms. Kuczmanski's claims under sections 1985 and 1986 fail.[76]

D.   Ms. Kuczmanski May Not Bring a Claim Under the False Claims Act as a Pro Se
      Plaintiff.

Ms. Kuczmanski references the False Claims Act ("FCA") several times throughout her

complaint.[77] However, the Tenth Circuit has held that a pro se litigant may not bring a *qui tam*

action under the FCA.[78] Although a party's pro se status "does not implicate the court's

---

[74] *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (to state a valid claim under section 1985, "a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants."). Further, both Subsections 2 and 3 require an allegation of class-based animus to state a claim. *See, e.g.*, *id.*; *Meyers v. E. Okla. Cnty. Tech. Ctr.*, No. CIV-10-1058-F, 2010 WL 11426648, at *2 (W.D. Okla. Feb. 2, 2010).

[75] 42 U.S.C. § 1986 ("Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed . . .").

[76] In liberally construing Ms. Kuczmanski's complaint, it appears that she attempts to also assert a claim under 42 U.S.C. § 1988. ECF No. 2 at 3. However, section 1988 "does not create independent causes of action, it simply defines procedures under which remedies may be sought in civil rights actions." *Schroder v. Volcker*, 864 F.2d 97, 99 (10th Cir. 1988). Ms. Kuczmanski cannot state a section 1988 claim under any set of facts because this section does not provide a cause of action. Accordingly, any 1988 claim fails.

[77] ECF No. 2 at 6, 13, 14.

[78] *United States ex rel. May v. United States*, 839 F. App'x 214, 217 (citing *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020)).

jurisdiction, it would warrant dismissal without prejudice of any *qui tam* claims."[79] Thus, Ms. Kuczmanski's pro se status forecloses any FCA claim. Ms. Kuczmanski's FCA claims, if any, should be dismissed without prejudice.

## II.   The Court Recommends Denying Ms. Kuczmanski's Motion for Leave to Amend.

Ms. Kuczmanski has not provided the court with any basis to deny the motion to dismiss and to instead grant leave to amend her complaint. After responding to Defendants' motion to dismiss, Ms. Kuczmanski moved for leave to file an amended complaint so she might "alleg[e] facts more clearly" and "specify[] the facts in a more [] method[o]logical manner."[80] However, in her motion, Ms. Kuczmanski made no arguments as to why the court should allow amendment under Rule 15, nor did Ms. Kuczmanski provide the court with a proposed amended complaint as required by DUCivR 15-1(a) to assist the court in deciding her motion. Ms. Kuczmanski's motion fails for this reason alone. However, even without the proposed amended pleading, the court concludes that any amendment by Ms. Kuczmanski would be futile based on the reasons the court recommends granting Defendants' motion to dismiss. Therefore, the court recommends denial of Ms. Kuczmanski's pending motion for leave to amend.

---

[79] *Id.*

[80] ECF No. 27 at 1.

## CONCLUSION AND RECOMMENDATION

Based upon the forgoing analysis, the court HEREBY RECOMMENDS:

1.  GRANTING Defendants' Motion to Dismiss.[81]

2.  DENYING Ms. Kuczmanski's Motion for Leave to File an Amended Complaint.[82]

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[83] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[84] Failure to object may constitute waiver of objections upon subsequent review.

IT IS SO ORDERED.

DATED this 30th day of April 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[81] ECF No. 19.

[82] ECF No. 27.

[83] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[84] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).