IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **JEANA KUCZMANSKI**,<br><br>Plaintiff,<br>v.<br><br>**DIANA OBRAY**; **DEBORAH WOOD**; **PATRICIA HARTZELL**; and **JUDGE ELIZABETH KNIGHT**,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION IN FULL<br><br>Case No. 2:23-CV-00879-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Plaintiff Jeana Kuczmanski ("Ms. Kuczmanski") requests that this court vacate a custody order entered by the Third District Juvenile Court in Summit County, Utah; award Ms. Kuczmanski over $21 million in damages; and grant other related relief. ECF No. 2. The Defendants filed a motion to dismiss Ms. Kuczmanski's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). ECF No. 19. Ms. Kuczmanski later filed a motion for leave to amend her complaint. ECF No. 28. After considering the foregoing motions, Magistrate Judge Bennett recommended that this court grant the Defendants' motion to dismiss, deny Ms. Kuczmanski's motion for leave to amend her complaint, and dismiss this action with prejudice. ECF No. 29. For the reasons stated herein, the court adopts Judge Bennett's Report and Recommendation in full.

Judge Bennett recommended granting the Defendants' motion to dismiss for three reasons. First, Judge Bennett concluded that the court lacks subject-matter jurisdiction to vacate the state court child custody order under the *Rooker-Feldman* doctrine. ECF No. 29, at 6. Second, Judge Bennett found that Ms. Kuczmanski had failed to state a claim for relief under 18 U.S.C. §§ 1983, 1985, or 1986. *Id.* at 7–17. Third, Judge Bennett concluded that as a *pro se* plaintiff, Ms.

Kuczmanski cannot state a claim under the False Claims Act. *Id.* at 17–18. Judge Bennett also recommended denying Ms. Kuczmanski's motion for leave to amend her complaint because she failed to comply with DUCivR 15-1(a) and because the legal barriers to Ms. Kuczmanski's claims would make any amendment to her complaint futile. *Id.* at 18.

In his Report and Recommendation, Judge Bennett informed the parties that a failure to file a timely objection to his recommendation could result in the waiver of any objections upon subsequent review. No party filed a timely objection to the Report and Recommendation and any argument that it was in error has thus been waived. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991*); see also Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008) (listing factors to apply in determining whether the interests of justice require an exception to the waiver rule). The court does not find than an exception to the waiver rule is required in the interests of justice.

Having reviewed the Report and Recommendation, the court concludes it is not clearly erroneous. Accordingly, the court **ORDERS** that the Report and Recommendation (ECF No. 29) is **ADOPTED IN FULL**. Defendants' Motion to Dismiss (ECF No. 19) is thus **GRANTED** with prejudice and Plaintiff's Motion for Leave to Amend (ECF No. 27) is **DENIED**.

Signed August 2, 2024

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge